FILED
2011 Oct-18 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAVON ELLIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL MITCHELL, )<br>)<br>Defendant. ) | Case No. 4:10-cv-00463-RRA |

## MEMORANDUM OPINION

This pro se plaintiff claims that he was a victim of an unconstitutional use of force at the hands of the sole remaining defendant in this case, Michael Mitchell, a corrections officer. A bench trial was held. The defendant called as witnesses Correctional Officer Butts, Correctional Officer McCarty, and Officer Michael Mitchell. The plaintiff also took the stand and gave his version of the events in question. Crucial evidence was in dispute. The court makes the following findings of fact.

On May 14, 2009, Plaintiff Ellis was incarcerated at the St. Clair Correctional Facility in Springville, Alabama. Ellis, who had had over forty disciplinaries, was housed in the disciplinary block for threatening officers. On the day in question, Ellis had been "acting out all day," yelling through the food tray hole and threatening other prisoners. As a result, Officer Mitchell had made an appointment to take the plaintiff to the mental health section.[1] According to policy, the plaintiff was handcuffed behind his back and his legs were shackled for the walk to mental health. Ellis did not want to go. The plaintiff thought that Mitchell

---

[1] The plaintiff was not a stranger to the mental health section of the prison.

had singled him out for write-ups, but the evidence did not support that belief.

The trouble started when Ellis overheard Mitchell telling Butts of Ellis' behavior that day. The plaintiff became agitated, and spat on Butts. It does not matter whether the plaintiff was spitting at Butts, or at Mitchell, who was standing about five feet behind Butts. Spitting is an assault. The plaintiff testified that he tried to "jump over his cuffs," thinking that would get the officers to back off. He also used foul language.

Mitchell responded by delivering what is called a "brachial stun" to the side of the plaintiff's neck, one time. That maneuver is taught by the Alabama Department of Corrections in order to stun a disruptive inmate and provide the few seconds necessary to restore order. The plaintiff was indeed stunned for a few moments, and officers closed in on Ellis and secured him. No further force was used.

A brachial stun is rated as the lowest level of on-hands force. No body chart was created, because there was no visible sign of injury to the plaintiff. A body chart, however, was created later when the plaintiff put a sheet around his neck, tied it to some fixture, and jumped. The only result noted on the body chart was redness around the face and neck. The plaintiff claims eye problems as a result of the brachial stun, but there is no other evidence to support that claim. The law regarding this excessive force claim has been set out in the report and recommendation entered January 31, 2011.

The court has considered (1) the need to use force in the first place, (2) the relationship between the need of force and the amount of force used, (3) the efforts made to temper the severity of the force used, and (4) the extent of the injury, if any, suffered by the plaintiff. The court finds that the amount of force used was reasonable and necessary and that

it was applied in a good faith effort to maintain discipline.

Wherefore, judgment is due to be entered against the plaintiff and in favor of Defendant Mitchell. A final judgment will be entered.

DONE this 18th day of October, 2011.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge